IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHRIS ALLEN BROWNFIELD,**

                **Petitioner,**

     **v.**                                  **CASE NO. 05-3175-SAC**

**RAY ROBERTS, et al.,**

                **Respondents.**

**O R D E R**

This matter is before the court on a pro se petition for writ of habeas corpus submitted under 28 U.S.C. 2241. Petitioner is a Kansas prisoner confined pursuant to state court judgments entered in 1987 and 1989. Petitioner challenges the execution of his 1987 state sentence because it is not in fact being served concurrent to his previous Oklahoma sentence as pronounced by the sentencing judge in petitioner's Kansas case. Alternatively, petitioner claims the Kansas journal entry of sentencing is defective in not directing petitioner's custody to effect concurrent service of petitioner's Kansas and Oklahoma sentences.

To the extent petitioner challenges the validity of the district court's sentencing order and seeks to vacate and nullify the 1987 Kansas judgment and sentence, relief in federal court is limited to that available under 28 U.S.C. 2254. Preiser v. Rodriguez, 411 U.S. 475 (1973). Because petitioner has filed a previous 2254 petition in which the very same claim was denied on

the merits,[1] he now must seek and obtain authorization from the Tenth Circuit Court of Appeals to proceed on a second or successive 2254 petition. See 28 U.S.C. 2244(b)(3)(procedure for seeking authorization from court of appeals to file second or successive 2254 petition in district court).

To the extent petitioner is attempting to challenge the Kansas Department of Corrections' execution of petitioner's state sentence, relief in federal court is limited to that available under 28 U.S.C. 2241. *See* Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000)(state prisoner habeas petition challenging execution of sentence, rather than validity of conviction and/or sentence, is properly brought under 28 U.S.C. 2241). However, it is clear from the face of the petitioner that any such challenge would be time barred.

The factual basis for petitioner's allegations of constitutional error arose prior to passage of the Antiterrorism and Effective Death Penalty Act (AEDPA) on April 24, 1996. On that enactment date, 28 U.S.C. 2244(d)(1) was amended to impose a one year limitation period on any state prisoner seeking federal habeas corpus relief in the federal courts.[2] *See* Burger

---

[1] *See* Brownfield v. State of Kansas, Case No. 94-3489-DES, *petition denied* (D.Kan. January 3, 1996), *appeal dismissed* (10th Cir. July 1, 1996).

[2] The AEDPA amendments also provided for tolling of the limitation period while a properly filed state post-conviction proceeding and appeal therefrom was pending in the state courts. 28 U.S.C. 2244(d)(2).

v. Scott, 317 F.3d 1133, 1138 (10th Cir. 2003)(one-year statute of limitations in 28 U.S.C. 2244(d) applies to federal habeas petitions filed by state prisoners, whether filed under 28 U.S.C. 2254 or 28 U.S.C. 2241).  Having reviewed the record, the court finds the one year limitation period applicable to petitioner, whether running from AEDPA's enactment date,[3] or equitably from the termination of the appeal in petitioner's 1994 application under 28 U.S.C. 2254,[4] expired well before petitioner filed the instant application in 2005.[5]  *See also* Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001)(state court action initiated after expiration of AEDPA's one-year limitations period has no tolling effect), *cert. denied*, 535 U.S. 1034 (2002).  The court further finds nothing to suggest that petitioner could satisfy the showing of due diligence and extraordinary circumstances required

---

[3]*See* Miller v. Marr, 141 F.3d 976 (10th Cir. 1998)(for pre-AEDPA conviction, one year from April 24, 1996 to file habeas petition), *cert. denied*, 525 U.S. 891 (1998).

[4]*See* Duncan v. Walker, 533 U.S. 167, 181-82 (2001)(AEDPA's provision for tolling the limitation period during pendency of a properly filed application for State post-conviction or other collateral review does not toll the limitation period during the pendency of a federal habeas petition); Hall v. Scott, 292 F.3d 1264 (10th Cir. 2002)(equitable tolling applied to relieve effect of Duncan).

[5]In 2002, petitioner filed a complaint in federal court under 42 U.S.C. 1983, Brownfield v. Stovall, Case No. 02-3205-GTV.  Although district and circuit court opinions in that case noted that 28 U.S.C. 2241 was the appropriate remedy for petitioner's challenge to the execution of his Kansas sentence, these court orders did not revive the one year limitation period applicable to petitioner's filing of a 2241 habeas application.

for equitable tolling of the limitation period in this case. *See* Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[equitable tolling] is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control"), *cert. denied,* 531 U.S. 1194 (2001); Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000)(equitable tolling of AEDPA limitations period is limited to rare and exceptional circumstances).

For these reasons, the court concludes this action should be dismissed.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus is dismissed.

**IT IS SO ORDERED.**

DATED:  This 21st day of April 2005 at Topeka, Kansas.

           s/ Sam A. Crow
          SAM A. CROW
          U.S. Senior District Judge